**FENG JING CHEN and Chuan Hui Lui, Petitioners,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Board of Immigration Appeals, Edward J. McElroy, Interim Director Bureau of Immigration and Customs Enforcement, Maryann Gantner, Interim Director Bureau of Citizenship and Immigration Services, Michael Garcia, Acting Assistant Secretary Bureau of Citizenship and Customs Enforcement, Respondent.**

No. 03–40397–AG.

United States Court of Appeals, Second Circuit.

April 13, 2006.

Craig T. Donovan, New York, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Michael J. Gustafson, Assistant United States Attorney, William J. Nardini, Assistant United States Attorney, New Haven, Connecticut, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 13th day of April, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Feng Jing Chen and Chaun Hui Liu, through counsel, petition for review of a July 2003 BIA decision vacating a September 2000 immigration judge's ("IJ") decision granting their applications for asylum. We assume the parties' familiarity with the underlying facts and procedural history.

This court reviews "the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). "The BIA's interpretation of the Immigration and Naturalization Act is reviewed with deference." *Huang v. United States INS,* 421 F.3d 125, 128 (2d Cir.2005) (citing *Ming Lam Sui v. INS,* 250 F.3d 105, 112 (2d Cir.2001); *Michel v. INS,* 206 F.3d 253, 262 (2d Cir.2000)).

In this case, the BIA relied upon the 1998 and 1999 State Department reports in the record to support its conclusions that China does not uniformly apply coercive population control policies, that China enforces the family planning policy via

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

non-persecutory methods such as economic incentives and education, and that there is no national policy regarding the treatment of children born abroad. The factual bases underlying the BIA's decision are supported by substantial evidence in the record. *See* JA at 224–29, 235. Moreover, Chen and Liu's reliance on their statements and testimony that Chen will be subjected to forced sterilization if returned to China is "speculative at best" and does not constitute "solid support in the record" for a well-founded fear of future persecution. *Huang,* 421 F.3d at 129 (citing *INS v. Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)).

Finally, Liu failed to exhaust her claim for relief under the CAT and thus this Court lacks jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).